### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTINA N.,[1]                                             Case No. 1:20-cv-1021

              Plaintiff,                          McFarland, J.
    v.                                                       Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.


### REPORT AND RECOMMENDATION

On December 21, 2020, Plaintiff filed a *pro se* complaint seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. (Doc. 4). Nearly a year ago, on June 16, 2021, the Commissioner filed the certified administrative record, an event that triggered the obligation for Plaintiff to file a "Statement of Errors" within 45 days under Local Rule 8.1(c).[2]  By Order filed on June 29, 2021, the Court "reminded" Plaintiff of her obligation to "comply with all applicable rules of civil procedure and both General Orders and specific orders of this Court," including the 45-day deadline for filing and serving her "Statement of Errors."  (Doc. 10 at 1, citing Local Rule 8.1(c)). The deadline of August 2, 2021 was clearly stated in the Order and Plaintiff was explicitly warned that her "failure… to file a timely Statement of Errors may lead to a recommended dismissal of this case for failure to prosecute."  (*Id*. at 2)..

Ten months have passed since the expiration of Plaintiff's deadline to file her

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-01.
[2]The Court cites to the version of Local Rule 8.1(c) in effect at the time Plaintiff filed her complaint.  The Local Rule has since been amended, *see* Local Rule 8.1.A (c..  However, the revised rule does not alter the previously stated 45-day period in which a plaintiff must file and serve the Statement of Errors following service of the Administrative Record.

Statement of Errors, with neither a Statement of Errors nor any other communication ever having been received.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...."  Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations.  *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

In recommending dismissal at this time, the undersigned reiterates language included in the Court's prior Order of June 29, 2021:

> While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

(Doc. 10 at 2).   The deadline in which to file a Statement of Errors is a straightforward procedural requirement.  In view of Plaintiff's pro se status, the Court undertook the extra step  - not afforded to those represented by counsel - of entering a separate Order to specifically advise Plaintiff of the deadline.   The same Order warned Plaintiff of the consequences of failing to heed that deadline.   Plaintiff disregarded that Order.

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** based upon Plaintiff's failure to file a timely Statement of Errors and failure to prosecute her case, as expressly required under Local Rule 8.1 and as reiterated in the Court's Order of June 6, 2021.

2

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTINA N.,                                          Case No. 1:20-cv-1021

        Plaintiff,                              McFarland, J.

    v.                                                 Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4